

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-16-2002

# USA v. McArthur

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2757

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. McArthur" (2002). *2002 Decisions*. Paper 399.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/399

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-2757


UNITED STATES OF AMERICA

v.

WILLIAM MCARTHUR
a/k/a "Billy"

WILLIAM MCARTHUR,
Appellant


Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 01-cr-00122)
District Judge: Honorable Garrett E. Brown, Jr.


Submitted Under Third Circuit LAR 34.1(a)
April 19, 2002

Before: NYGAARD, AMBRO and KRAVITCH*, Circuit Judges

(Opinion filed        July 16, 2002                        )


OPINION


    * Honorable Phyllis A. Kravitch, Senior United States Circuit Court Judge for the Eleventh Circuit, sitting by designation.
AMBRO, Circuit Judge

    William McArthur appeals his conviction, following a guilty plea, for possessing crack cocaine with the intent to distribute in violation of 21 U.S.C. 841(a)(1). Prior to his federal prosecution, McArthur had pled guilty in state court to possession of a controlled substance for the same conduct, but the court vacated that plea at the State's request. He contends on appeal that the District Court erred by denying his motion to suppress evidence, by denying his motion to dismiss the 841(a)(1) count on either double jeopardy or due process grounds, and by refusing to depart downward under 4A1.3 of the United States Sentencing Guidelines ("U.S.S.G."). He also argues that his defense counsel was constitutionally ineffective. The first three issues were addressed by McArthur's counsel in a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), in which counsel found no non-frivolous claims. After an independent review of McArthur's claims, we affirm his conviction.

            I.   Adequacy of Counsel's Anders Brief
    Under Anders, "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. The "request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal," and the

indigent prisoner must receive a copy of the brief to review.  Id.   "[T]he court not counsel then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.  Id.

This Court's review of counsel's Anders brief is twofold:  "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001).  Local Appellate Rule 109.2 summarizes these procedures and concludes that "[i]f the panel agrees that the appeal is without merit, it will grant trial counsel's Anders motion, and dispose of the appeal without appointing new counsel."  L.A.R. 109.2

The brief McArthur's counsel submitted in this case satisfies the procedural requirements in Anders.  It describes the case, presents the arguments McArthur might make, and explains with legal support why the claims are frivolous.  Although we would prefer that the brief explore McArthur's claims more thoroughly, it satisfies the standard of "conscientious examination" described in Anders.  386 U.S. at 744.  Therefore, it meets the first prong of our test in Youla.  241 F.3d at 300.  The remainder of this opinion will consider the second prong: whether our review of the record reveals any nonfrivolous issues for appeal.  We conclude that it does not.

## II.   Suppression of Evidence

McArthur argues that the District Court erred in denying his motion to suppress the drugs recovered from him at the hospital.  "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."  United States v. Fulford, 825 F.2d 3, 10 (3d Cir. 1987) (quoting Tollett v. Henderson, 411 U.S. 258, 267 (1973)).  Following the pretrial motion, McArthur pled guilty to violating   841(a)(1). During the plea colloquy, the Court advised him of his constitutional rights.  It also established that he was competent, and that he understood the nature of the proceedings, the options available to him, and the potential consequences of the guilty plea.  Because McArthur's guilty plea was knowing and voluntary, he cannot contest the prior denial of his suppression motion.  Fulford, 825 F.2d at 10.

## III.   Double Jeopardy and Due Process Claims

McArthur argues that the District Court erred by denying his motion to dismiss the   841(a)(1) count on due process and double jeopardy grounds.  First, the District Court held that there was no basis for dismissing count two on a due process theory.  We agree.  McArthur asserts that the Assistant United States Attorney brought the drug charge in this case to punish McArthur for refusing to plead guilty to a previous indictment.  We recognize that prosecutorial vindictiveness can raise due process concerns.  See United States v. Goodwin, 457 U.S. 368, 372-84 (1982).  However, McArthur lacks support for his claim and a presumption of prosecutorial vindictiveness is not warranted in this context.  Id. at 384.

As to double jeopardy, McArthur claims that the federal government may not prosecute him in federal court after the state court, at the State's request, vacated his guilty plea for the same conduct.  Even if we accept, however, that jeopardy attached when McArthur pled guilty to the state charge, the federal government was permitted to prosecute him for the same conduct under the dual sovereign doctrine.  Bartkus v. Illinois, 359 U.S. 121, 132 (1959).  McArthur argues that this doctrine does not apply because the federal prosecution was a "sham," but he does not support this claim.  Consequently, we affirm the District Court's decision.

## IV.   Downward Departure

McArthur claims the District Court erred in refusing to grant a downward departure pursuant to U.S.S.G.   4A1.3 on the basis that his criminal history category overstated the seriousness of his past crimes.  The District Court, finding McArthur's criminal history "truly appalling," determined that a downward departure was not warranted given the facts of the case.  Moreover, it noted that, regardless of the departure, McArthur would have a criminal history category of VI.  We lack jurisdiction "to review a refusal to depart downward 'when the district court, knowing it may do so, nonetheless determines that departure is not warranted.'"  United States v. Marin-Castaneda, 134 F.3d 551, 554 (3d Cir. 1998) (quoting United States v. Sally, 116 F.3d 76, 78 (3d Cir. 1997)).

V.  Ineffective Assistance of Counsel

McArthur's final argument is that his trial counsel was ineffective. This Court, however, generally does not decide ineffective assistance of counsel claims on direct appeal.  See United States v. Haywood, 155 F.3d 674, 678 (3d Cir. 1998) (citing United States v. Theodoropoulos, 866 F.2d 587, 598 (3d Cir. 1989)).  We have held that "the proper avenue for pursuing such claims is through a collateral proceeding in which the factual basis for the claim may be developed."  Id.  However, an exception to this exists where "the record is sufficient to allow a determination of ineffective assistance of counsel," in which case an evidentiary hearing is not needed to develop the facts.  Id. (quoting United States v. Headley, 923 F.2d 1079, 1083 (3d Cir. 1991)).  We find the record insufficient to decide this matter.

*   *   *   *   *

For these reasons, we grant counsel's motion for leave to withdraw under Anders and affirm the judgment of the District Court.

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

/s/Thomas L. Ambro

Circuit Judg